# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TORRANCE SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-23-13

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Torrance Scott appeals his guilty plea conviction and 139-month, below-guidelines sentence for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, or crack cocaine. Scott argues that the district court abused its discretion by denying his motion to withdraw his guilty plea, alleging that his plea was induced by erroneous advice from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30279

counsel. He also raises a Sixth Amendment claim of ineffective assistance of counsel on that basis.

The district court advised Scott of the maximum sentence he faced, and Scott testified under oath that he understood. The district court concluded that Scott's plea was knowing and voluntary, Scott had the close assistance of counsel, Scott did not assert his innocence, and that a trial would thus waste judicial resources. It thus reasoned that, under the totality of circumstances, the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), weighed against permitting withdrawal of the plea. Scott has not shown that the district court abused its broad discretion by denying his motion. *See id.* at 344.

Scott also argues that his sentence is substantively unreasonable because it creates an unwarranted sentencing disparity and fails to reflect that his prior offenses, involving small amounts of drugs, occurred when he was a young man; he had been a caretaker for his elderly family members; and he tried to find legitimate employment, but back pain and addiction hobbled his efforts. Scott has not demonstrated that "a similarly-situated defendant received a lesser sentence," *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006), or that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or exercised clearly erroneous judgment in balancing the sentencing factors, *see United States v. Simpson*, 796 F.3d 548, 558 (5th Cir. 2015). He has therefore failed to rebut the presumption that his sentence is reasonable. *See id.*

We decline to consider Scott's claim of ineffective assistance of counsel without prejudice to Scott's right to raise it on collateral review. *See United*

No. 15-30279

*States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  The judgment of the district court is AFFIRMED.